DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EDWARD R. MENA, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2018-0051 |
| v. ) | |
| ) | |
| FRITO LAY; AND XYZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Eugenio W.A. Geigel-Simounet, Esq.,**
St. Croix, U.S.V.I.
*For Plaintiff*

**Adam G. Christian, Esq.,**
St. Croix, U.S.V.I.
*For Defendant*

### MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court *sua sponte* following Putative Defendant PepsiCo. Caribbean Inc.'s ("PCI") removal of this action from the Superior Court of the Virgin Islands. For the reasons that follow, the Court concludes that it lacks subject matter jurisdiction over this action and will remand this case to the Superior Court.

### I. BACKGROUND

On February 15, 2015, Plaintiff Edward R. Mena allegedly bit into a staple that was in a bag of Chicharrones that he had purchased from a grocery store in Frederiksted, St. Croix. (Dkt. No. 1-1 (Compl.) at ¶¶ 4-5). Two years later, Mena filed a lawsuit against "Frito Lay" and unknown defendant "XYZ" in the Superior Court of the Virgin Islands, in which he seeks damages that he allegedly sustained as a result of this incident. (Dkt. No. 1-1 (Compl.)). Putative Defendant PCI is licensed to do business in the United States Virgin Islands under the tradename "Frito Lay

Quaker." (Dkt. No. 8-2 (Perez Dec.) at ¶ 9). PCI appeared in the Superior Court action and subsequently removed the action to this Court, invoking the Court's diversity jurisdiction. (Dkt. No. 1 (Notice of Removal) at ¶ 16).

## II. DISCUSSION

### A. Applicable Legal Principles

"Removal of cases from state to federal courts is governed by 28 U.S.C. § 1441 ["Section 1441"]." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Pursuant to Section 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Under the doctrine of diversity jurisdiction applicable here, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

In a removal case, the party asserting federal jurisdiction "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) ["Section 1447(c)"]. As the Third Circuit has noted, Section 1447(c), "allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir. 1995); *see also id.* (observing district courts' "obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte"* applies in removal cases); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002))). "The removal statute should be strictly construed and all doubts resolved in favor of remand." *Johnson*

v. *SmithKline Beecham* Corp., 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)). "[A]nything otherwise would curtail the power of the state courts to decide actions properly before them." *Boyd v. Burlington Coat Factory of Pennsylvania, LLC*, No. 16-CV-04990, 2017 WL 412849, at *2 (E.D. Pa. Jan. 31, 2017) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).

The amount in controversy requirement for diversity jurisdiction is governed by 28 U.S.C. § 1446 ("Section 1446"). In 2011, Congress enacted the Federal Court Jurisdiction and Venue Clarification Act (the "Act"), Pub. L. No. 112-63, 125 Stat. 758 (2011) (codified at, *inter alia*, 28 U.S.C. § 1446). The Act amended Section 1446 to clarify the standard governing the determination of the amount in controversy for federal jurisdiction purposes. *See Jesmar Energy, Inc. v. Range Res. Appalachia, LLC*, No. 17-CV-00928, 2017 WL 457256, at *3 (W.D. Pa. Oct. 13, 2017) (explaining that the Act "clarified the standard for satisfying the amount in controversy when a case is removed to federal court"). Section 1446(c) provides:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>   **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>    **(i)** nonmonetary relief; or
>
>    **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
>   **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Accordingly, the preponderance of the evidence standard governs whether the amount in

controversy requirement has been met here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) (observing that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and that Section 1446(c) sets forth the appropriate standard when the allegation is contested or questioned); *see also Scaife v. CSX Transportation, Inc.*, No. 19-CV-00060, 2019 WL 3353727, at *6 (W.D. Pa. July 25, 2019) (applying preponderance of the evidence standard and explaining that the "legal certainty" standard articulated by the Third Circuit in *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) and *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) "was the previously applicable standard for determining the amount in controversy upon removal, [but] the standard changed in 2011 when Congress enacted the Federal Court Jurisdiction and Venue Clarification Act"); *Karlberg v. Santander Bank, N.A.*, No. 17-CV-03561, 2017 WL 4810800, at *3-4 (E.D. Pa. Oct. 25, 2017) (same).

### B. Application

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. Such an analysis contemplates a "reasonable reading of the value of the rights being litigated," *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993), meaning "estimations of the amounts recoverable must be realistic," *Samuel-Bassett*, 357 F.3d at 403. "The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.*

As PCI recognizes in its Notice of Removal, "Plaintiff's factual allegations are scant." (Dkt. No. 1 at ¶ 12). As accurately characterized by PCI, Plaintiff "essentially alleges that he purchased a food product and, while eating it, bit into a staple. Plaintiff alleges that this incident

caused him physical damages, pain and suffering, and emotional distress, for which he requests compensatory and punitive damages." *Id.* Notably, Plaintiff's Complaint does not specify the injuries he sustained; nor does he allege that hospitalization or medical treatment was required to treat his injuries; that lost wages resulted from his injuries; or that his injuries are or were in any way serious or severe. (Dkt. No. 1-1 at 1-2). A reasonable reading of the Complaint therefore does not permit the Court to conclude that Plaintiff's claims exceed the jurisdictional threshold. *Cf. Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 567 (D.N.J. 2000) (reasoning that, while "such general considerations as [the plaintiff's] allegation of a 'severe" knee injury . . . may indicate that it is possible for [the plaintiff's] claims to exceed the minimal amount requirement, they certainly do not demonstrate that it is more likely than not that they do."); *Rosado v. Encompass Ins. Co.*, No. 10-CV-01877, 2010 WL 2431829 at *2-3 (E.D. Pa. June 10, 2010) (finding amount in controversy requirement was not satisfied where the defendant relied only on the plaintiff's general allegations about severe injuries and loss of earnings); *Stevenson v. Wal-Mart Stores, Inc.*, No. 14-CV-04073, 2015 WL 158811, at *3 (E.D. Pa. Jan. 13, 2015) (same).

However, as PCI rightly notes, Plaintiff's complaint does not specify the dollar amount of damages that Plaintiff seeks because *ad damnum* clauses are barred under Virgin Islands law. (Dkt. No. 1 at ¶ 12 (citing 5 V.I.C. § 5)). Accordingly, PCI may assert the amount in controversy in its Notice of Removal. 28 U.S.C. § 1446(c)(2)(A). PCI has done just this. *Id.* at ¶ 16 ("Defendant submits that the amount in controversy . . . exceed[s] $75,000.00 for purposes of diversity of citizenship and removal."). The Court must therefore determine whether PCI's Notice of Removal establishes by a preponderance of the evidence that Plaintiff's claims exceed $75,000. 28 U.S.C. § 1446(c)(2)(B). The Court finds that it does not.

PCI contends in its Notice of Removal that the amount in controversy requirement is satisfied here because "the amounts of plaintiffs' verdicts in personal injury cases vary widely

5

where [a] plaintiff alleges he/she bit into a food product containing a foreign object and suffered injuries," and "the U.S. Virgin Islands is a plaintiff-friendly jurisdiction with high jury verdicts." (Dkt. No. 1 at ¶¶ 14-15). In support of its contention that the amount of plaintiff's verdicts vary widely in similar cases, PCI cites to five cases. *Id.* at ¶ 14. Two of these cases handily exceed the jurisdictional threshold. *Id.* (citing *Jackson-Levy v. Eateries, Inc.*, JVR No. 449030, 2006 WL 2641142 (Unknown Miss. St. Ct. Mar. 2006) ($375,000.00 jury award); and *Hoydilla v. Rustic Oak, Inc.*, CV86/0248424S, 1990 Conn. Jury Verdicts Review LEXIS 29 (Conn. Super. Ct. June 5, 1990) ($244,393.00 jury award)). Conversely, the three other cases that PCI cites involve awards falling short of the jurisdiction minimum. *Id.* (citing *Pollan v. Colony Delicatessen, Inc.*, 1991 Nat'l Jury Verdict Review LEXIS 968 (Fla. Dade Cnty. Ct. Feb. 12, 1991) ($26,000 jury award); *Harcarik v. Friendly Ice Cream Corp.*, JVR No. 1104130033, 2004 WL 6019873 (Pa. C.P. Ct. July 30, 2004) ($22,500.00 settlement); and *Cain v. Oroweat Foods Co.*, 89-2-01146-2, 2000 Wa. Arb. Dec. LEXIS 11317 (Aug. 31, 1990) ($2,284.00 arbitration award)).

While these five cases amply demonstrate that plaintiffs' verdicts vary widely, these cases do not aid Defendant in establishing by a preponderance of the evidence that the amount in controversy threshold is met here. Indeed, the two cases that exceed the jurisdictional minimum—*Jackson-Levy* and *Hoydilla*—are not helpful to the Court's analysis. As a general matter, both cases are of limited utility because neither was decided under Virgin Islands law. *See Samuel-Bassett*, 357 F.3d at 398 (explaining that, in determining the amount in controversy, the court must apply state law); *Scaife,* 2019 WL 3353727, at *6 (deeming a case unpersuasive for purposes of determining the amount in controversy because it was litigated under the law of a different state). Moreover, the *Jackson-Levy* case does not indicate the injuries sustained by the plaintiff or the basic facts of the case, which prevents the Court from determining the degree to which it may or may not be analogous. *See Scaife,* 2019 WL 3353727, at *6 ("[A]lthough Defendant cites [an]

6

opinion for its list of jury awards to certain plaintiffs, [that] opinion does not indicate the types of injuries suffered by those plaintiffs. The Court thus cannot compare the injuries in [that case] to the alleged injuries in this case to determine the potential damages"). Contrariwise, while the basic facts of the *Hoydilla* case are available, it is clear that the case involved a plaintiff with a temporomandibular joint disorder who required five additional surgeries over a four-year period after biting into a foreign object in a potato skin. There is no indication that such circumstances are present here.

Ultimately, PCI has not cited to a single instructive case exceeding the jurisdictional minimum, and the Court places little stock in PCI's contention that it should find that the threshold is exceeded here simply by virtue of the Virgin Islands' alleged reputation as a plaintiff-friendly jurisdiction. PCI's arguments thus leave the Court guessing as to whether the amount in controversy requirement is satisfied. The Court, therefore, cannot conclude that it is more likely than not that Plaintiff's claims exceed the jurisdictional threshold. *See Heffner*, 2013 WL 5416164, at *14–15 ("Where the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden."); *Dorley v. Save-A-Lot*, No. 16-CV-04510, 2016 WL 6213074, at *2-4 (E.D. Pa. Oct. 25, 2016) ("The Court cannot substitute Defendants' expectations—nor its own assumptions—for the evidence necessary to support federal jurisdiction."). Because "all doubts" must be "resolved in favor of remand," *Johnson*, 724 F.3d at 346, the Court will therefore remand this case.

### III.  CONCLUSION

Because the Court finds that it lacks subject matter jurisdiction over this action, the Court will remand the case to the Superior Court of the Virgin Islands.

An appropriate Order accompanies this Memorandum Opinion.

Date:  January 13, 2023                               _____/s/_____
                                                                                  WILMA A. LEWIS
                                                                                  District Judge